**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MANBRO ENERGY CORPORATION, individually and on behalf of all those similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> CHATTERJEE ADVISORS, LLC, CHATTERJEE FUND MANAGEMENT, LP, CHATTERJEE MANAGEMENT COMPANY, d/b/a THE CHATTERJEE GROUP, and PURNENDU CHATTERJEE, <br><br> Defendants. | **20 Civ. 3773 (LGS)** |

**STIPULATION AND [PROPOSED] ORDER OF CONFIDENTIALITY**

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulation and Order of Confidentiality (the "Stipulation and Order") govern disclosure and use by the parties of all documents, including but not limited to electronically stored information, testimony, exhibits, interrogatory answers, responses to requests to admit, and any other materials and information produced or provided, in the above-referenced action (the "Action").

1.   DEFINITIONS.

1.1   Party:  Any named party to this Action, including its officers, directors, employees, and in-house counsel who are involved in the prosecution or defense of this Action.

1.2   <u>Discovery Material</u>:  All documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, without limitation, testimony, transcripts, or tangible things) that are produced or disclosed in this Action, whether voluntarily or in response to any discovery request, interrogatory, deposition notice, subpoena, or request for admission served in this Action.

1.3   <u>Confidential Information or Discovery Material</u>:  Information (regardless of how generated, stored, or maintained), testimony, or tangible things obtained during discovery in this Action that the Disclosing Party reasonably and in good faith believes contains or would disclose non-public, confidential, proprietary, financial, customer, client or commercially sensitive information, including, but not limited to, any information that constitutes confidential information under the Federal Rule of Civil Procedure 26(c) or applicable laws or regulations. Confidential Information shall not include information that is public or that after disclosure becomes public other than by an act or omission of the Receiving Party.

1.4   <u>Highly Confidential Information or Discovery Material</u>:  Confidential Information or Discovery Material, the disclosure of which to another Party or non-party the Disclosing Party reasonably believes would create a substantial risk of causing the Disclosing Party to suffer significant competitive or commercial harm.  Such Highly Confidential Information or Discovery Material may include, without limitation, information concerning the Disclosing Party's claimed trade secrets, confidential contracts with third parties, pricing information, financial data, sales or marketing strategy and research, confidential intellectual property filings (including descriptions of business processes contained therein), product-development information, business strategy information, customer, investor, and/or vendor lists, deliberative materials concerning day-to-day business operation and management, and any other

non-public information of similar competitive and business sensitivity, provided that it satisfies the standard set forth in the foregoing sentence.  For the avoidance of doubt, nothing herein (including the foregoing list) shall prevent a Party from challenging the designation of information as "Highly Confidential" on the grounds that it does not satisfy the standard set forth in the first sentence of this paragraph.

      1.5    <u>Protected Material</u>: Confidential or Highly Confidential Information or Discovery Material.

      1.6    <u>Disclosing Party</u>:  A Party or non-party that produces Discovery Material in this Action.

      1.7    <u>Receiving Party</u>:  A Party that receives Discovery Material from a Disclosing Party in this Action.

      1.8    <u>Designating Party</u>:  A Party or non-party that designates Discovery Material as Confidential or Highly Confidential.

      1.9    <u>Counsel</u>:  Outside counsel of record representing a named party to this Action in the prosecution or defense of this Action, and their paralegals, clerical staff, and support staff, including any temporary or contract staff.

      1.10    <u>Expert</u>:  A person who is not an owner, director, officer, or employee of a Party, who has been retained by a Party or its Counsel to serve as an expert witness or as an expert consultant in the prosecution or defense of this Action, including his or her employees and support personnel.

      1.11    <u>Acknowledgment</u>:  The Acknowledgment and Agreement to be Bound by Stipulation and Order of Confidentiality, a copy of which is attached to this Stipulation and Order as Exhibit A.

2.      <u>USE OF DISCOVERY MATERIALS IS LIMITED TO THIS CASE</u>.  Subject to

the provisions of paragraphs 8 and 12, Discovery Material may be used by the Receiving Party

solely for purposes of the prosecution or defense, including any settlement thereof, of this Action,

and for no other purpose whatsoever.

3.      <u>DESIGNATING MATERIAL</u>.  The Disclosing Party, may, subject to the

provisions of this Stipulation and Order, designate Discovery Material as Confidential or Highly

Confidential.  The Disclosing Party shall apply a confidentiality designation only when that party

has a reasonable, good faith basis that the information so designated constitutes Confidential or

Highly Confidential material.  The protections conferred by this Stipulation and Order cover not

only the protected information itself, but also any information copied or extracted therefrom.

3.1     <u>Manner and Timing of Designations</u>:  Except as otherwise provided in this

Stipulation and Order or as otherwise stipulated or ordered, Discovery Material must be

designated for protection under this Stipulation and Order by clearly designating the material

before it is disclosed or produced.

3.2     The designation of materials as Confidential or Highly Confidential shall

be made as follows:

a)      For ESI, by either (1) imprinting the term "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" on the face of each page of a

document so designated; (2) affixing a stamp with "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY" on the medium on which the electronic data

is stored when copies are delivered to a Receiving Party; or (3) designating the production as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in the

transmittal cover letter.

b)      For produced documents, by imprinting "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" on the face of each page of a document so designated or in a similarly conspicuous location for non-document materials.

c)      For written discovery responses, by imprinting the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" next to or above any response to a discovery request or on each page of a response.

d)      For testimony and any exhibits, documents, or other materials referenced during the giving of testimony, by making a statement on the record which portions of the testimony, transcript, and/or responses shall be treated as Confidential or Highly Confidential.  Alternatively, within thirty (30) days of receipt of the transcript or recording of such deposition or other pretrial or trial proceeding, any Party may designate such transcript or recording or any portion or portions thereof as Confidential or Highly Confidential by notifying all other Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as Confidential or Highly Confidential Discovery Material.  During the 30-day period following the deposition, pretrial, or trial proceeding, all Parties shall treat the entire transcript of testimony as if it had been designated Confidential.  There is no duty to object to a designation for a Party to preserve its rights to challenge the designation.

e)      For all other Discovery Material, by placing or affixing on each page of such material (in such manner as will not interfere with the legibility thereof) the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

4.      DISCLOSURE OF DISCOVERY MATERIAL PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT DOCTRINE.

4.1     This Stipulation and Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and work product doctrine, and is without prejudice to any other Party's right to contest such a claim of privilege or protection.

4.2     Consistent with Federal Rule of Evidence 502(d), if a Party or non-party notifies any other Party that it disclosed Discovery Material that is protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity ("Privileged Material"), the disclosure shall not be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material or information disclosed or as to any of the material or information relating thereto or on the same or related subject matter.

4.3     If a Disclosing Party believes that Privileged Material was produced, the Disclosing Party shall notify in writing any Party to which it produced the material of the claim of privilege or protection and the basis for such claim to the extent required by Federal Rule of Civil Procedure 26 (a "Privileged Material Notice").

4.4     Within five (5) business days of receipt of a Privileged Material Notice, the Party to whom the Privileged Material was produced shall provide a certification of Counsel that all such disclosed Discovery Material (and any copies thereof) has been sequestered (as provided below), returned or destroyed, and shall not use such items for any purpose until further order of the Court.  The obligation to destroy Privileged Material does not apply to material stored in a manner that makes it unreasonably difficult to destroy, in particular material that is (i) stored on backup storage media made in accordance with regular data backup procedures for

disaster recovery purposes or (ii) located in the email archive system or archived electronic files of departed employees, but such retained material shall be treated in accordance with the Stipulation and Order.  Notwithstanding the foregoing, the Receiving Party may sequester a copy of relevant Privileged Material, in a secure medium that is segregated from any general document repositories that Receiving Party has established, for purposes of evaluating the claim of privilege, and of bringing a good faith motion for an order allowing use of such Privileged Material in this Action as provided in section 4.6 below, which motion (unless the Disclosing Party and Receiving Party otherwise agree) must be brought, under seal, within 30 days of receipt of the Privileged Material Notice.

    4.5 If the Receiving Party determines that it has received Privileged Material, the Receiving Party shall destroy or return all copies of such Privileged Material to the Disclosing Party within ten (10) business days of the discovery of such information and shall provide a certification of Counsel that all such disclosed Privileged Material (and any copies thereof) has been returned or destroyed, and shall not use such items for any purpose until further order of the Court.  When appropriate, the Disclosing Party will provide a redacted version of such Privileged Material to the Receiving Party within five (5) business days of the discovery of such Privileged Material.

    4.6 Should the Party to whom the Privileged Material was produced seek to challenge the designation of such material as privileged or protected, it shall notify the Disclosing Party in writing and not use or disclose the material until the claim is resolved (except as provided in this paragraph).  Following the receipt of any objection, the objecting Party and the Disclosing Party shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the material as privileged or protected.  If the parties cannot

resolve their disagreement, the objecting party shall promptly present the issue to the Court for a

determination of the Disclosing Party's claim of privilege or protection.  The production of

Privileged Material, whether inadvertent or otherwise, shall not itself serve as the basis of the

motion.  While any such motion is pending, the Discovery Material subject to that motion will be

treated as privileged or protected until the Court rules, except that the Receiving Party may use

the Discovery Material in support of such motion.  If the Court determines that such material is

privileged or protected, the Receiving Party shall return or destroy such disclosed Privileged

Material and all copies thereof within (5) five business days of the Court's ruling.

       4.7     In the event a Receiving Party reasonably incurs (or expects to incur)

material costs or expenses in destroying or returning Privileged Material in response to a

Privileged Material Notice, this Stipulation and Order shall have no effect on (a) a Receiving

Party's right to seek relief from the Court, including an Order providing for shifting or allocating

such costs or expenses, in whole or in part, to the party responsible for issuing the Privileged

Material Notice, or (b) any Party's right to oppose any such request for relief; any such rights are

instead expressly reserved.

       5.    <u>INADVERTENT FAILURE TO DESIGNATE MATERIALS AS PROTECTED</u>

<u>MATERIALS</u>.  A Disclosing Party's inadvertent failure to designate material as Confidential or

Highly Confidential in accordance with the terms of this Stipulation and Order will not, in and of

itself, constitute waiver of the Disclosing Party's right to claim such material is Confidential or

Highly Confidential.  Any Party who inadvertently fails to identify Discovery Material as

Confidential or Highly Confidential shall have thirty (30) days from the discovery of its

oversight to correct its inadvertent error.  Such error shall be corrected by providing the

Receiving Party written notice of the error and substituted copies of the inadvertently produced

Discovery Material bearing the intended designation.  The Receiving Party shall thereafter treat the information as Protected Material.  To the extent such information may have been disclosed to anyone not authorized to receive Protected Material based on the corrected designation, and under the terms of this Stipulation and Order, the Receiving Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure.

      6.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>.

      6.1      <u>Disclosure of Confidential Information</u>:  Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose any information or Discovery Material designated as Confidential only to the following persons:

      a)      The Court and court personnel in this Action and any appellate court in this Action.

      b)      The Receiving Party's Counsel to whom it is reasonably necessary to disclose the information for this Action and their legal, clerical, or support staff, including temporary or contract staff.

      c)      The Receiving Party's directors, officers, in-house counsel involved in the prosecution or defense of this Action, and employees to the extent Counsel for the Receiving Party determines in good faith that any such person's review of the Confidential Information would be helpful for the prosecution or defense of this Action, and provided that, before receiving Confidential information, such person has either (a) executed the Acknowledgment; or (b) been provided with a copy of this Stipulation and Order, and has been informed of and accepted the obligation not to disclose any Confidential Information or Discovery Material to persons other than those specifically authorized by the Stipulation and

Order without express written consent of the party who designated the information as Confidential or order of the Court.

d)      Stenographic reporters and videographers retained to transcribe or film a deposition, pre-trial, or trial proceeding in this Action.

e)      Persons who were authors or recipients (including those referenced as "cc" or "bcc" recipients on a document) of the Confidential Discovery Material or who had access to such Confidential Discovery Material in the normal or authorized course of business.

f)      Any person who is a current employee of the Disclosing Party.

g)      Any witness who is called, or who counsel for a Party in good faith believes may be called, to testify at trial or deposition in this action, provided that (1) the testimony of such person has been duly noticed, or such person has been identified as a person with knowledge in a party's initial disclosures or responses to interrogatories, or has been listed on a party's pre-trial witness list; and (2) such person has executed the Acknowledgment.

h)      Any Expert to whom disclosure is reasonably necessary for this Action, provided that the Expert has first executed the Acknowledgment, and further provided that any report created by such Expert that relies on or incorporates Confidential Discovery Material in whole or in part shall be designated as Confidential by the Party responsible for its creation.

i)      Any outside photocopying, data processing, graphic production services, litigation support services, employed by the Parties' Counsel to assist in this Action, provided that such persons have first executed the Acknowledgement.

j)      Any mediator or arbitrator engaged by the Parties to this Action, provided such person has first executed the Acknowledgment.

k)      Any other person or entity whom counsel for the Disclosing Party agrees, after conferring in good faith, should have access to Confidential Discovery Material or who, upon motion with good cause shown, or upon application made by a Party (including by application made in the course of a deposition where the ability to show such material to the deponent is at issue), the Court orders may have access.

6.2     <u>Disclosure of Highly Confidential Information</u>:  Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose any information or Discovery Material designated as Highly Confidential only to the following persons:

a)      The Court and court personnel in this Action and any appellate court in this Action.

b)      The Receiving Party's Counsel to whom it is reasonably necessary to disclose the information for this Action and their legal, clerical, or support staff, including temporary or contract staff.

c)      Stenographic reporters and videographers retained to transcribe or film a deposition, pre-trial, or trial proceeding in this Action.

d)      Persons who were authors or recipients (including those referenced as "cc" or "bcc" recipients on a document) of the Highly Confidential Discovery Material or who had access to such Highly Confidential Discovery Material in the normal or authorized course of business.

e)      Any person who is a current employee of the Disclosing Party.

f)      Any Expert to whom disclosure is reasonably necessary for this Action, provided that the Expert has first executed the Acknowledgment, and further provided

that any report created by such Expert that relies on or incorporates Highly Confidential

Discovery Material in whole or in part shall be designated as Highly Confidential by the Party

responsible for its creation.

g)      Any outside photocopying, data processing, graphic production

services, litigation support services, employed by the Parties' Counsel to assist in this Action,

provided that such persons have first executed the Acknowledgement.

h)      Any mediator or arbitrator engaged by the Parties to this Action,

provided such person has first executed the Acknowledgment.

i)      Any other person or entity whom counsel for the Disclosing Party

agrees, after conferring in good faith, should have access to Highly Confidential Discovery

Material or who, upon motion with good cause shown, or upon application made by a Party

(including by application made in the course of a deposition where the ability to show such

material to the deponent is at issue), the Court orders may have access.

7.      RESPONSIBILITY FOR COMPLIANCE.  The Party's Counsel who discloses

Protected Material shall be responsible for assuring compliance with the terms of this Stipulation

and Order with respect to persons to whom such Protected Material is disclosed and shall obtain

and retain the original Acknowledgements executed by qualified recipients of Protected Material.

If it comes to a Disclosing Party's attention that any Discovery Materials that it designated as

Confidential or Highly Confidential do not qualify for protection at all or do not qualify for the

level of protection initially asserted, that Disclosing Party must promptly withdraw the mistaken

designation and notify all other Parties of the same.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

OTHER LITIGATION.

8.1    If, at any time, any Discovery Materials governed by this Stipulation and Order are subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof (the "Enforcement Bodies"), the Party to whom the subpoena is directed shall, to the extent permitted by applicable law and the rules and requirements of any relevant Enforcement Body, promptly, and in no event more than five (5) business days if reasonably practicable, give written notice to the Disclosing Party and must include a copy of the subpoena or request.

8.2    The Party to whom the subpoena is directed also must immediately inform in writing the person who caused the subpoena to issue that some or all of the material covered by the subpoena is the subject of this Stipulation and Order and deliver a copy of this Stipulation and Order promptly to that person.

8.3    The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulation and Order and to afford the Disclosing Party in this case an opportunity to protect its confidentiality interest before the Enforcement Body from which the subpoena or order is issued.  The Disclosing Party shall bear all responsibility for any objections to the production of such Discovery Materials, except that the Party receiving any subpoena shall not voluntarily make any production of another Party's Protected Materials until resolution of any objections interposed by the Disclosing Party, unless compelled by court order issued after giving notice to the Disclosing Party.  Nothing in this Stipulation and Order shall be construed as authorizing or requiring a Party to disobey any law, court order, or information request or subpoena from any federal, state, or foreign regulatory agency or self-regulatory organization requiring the production of Discovery Materials, or as limiting the authority of the Court.

9.      <u>CHALLENGES TO DESIGNATIONS AND ACCESS</u>.  If, at any time, a Receiving Party objects to a designation of Discovery Materials as Confidential, or Highly Confidential, or disputes the limitations on access to be accorded such information under this order, that Party shall notify the Disclosing Party, in writing, of its disagreement and specifically identify each challenged designation and the grounds for the challenge to that designation. Following receipt of such notification, counsel for the Disclosing Party and the Receiving Party challenging the designation shall meet and confer in an effort to resolve any disagreement.  If, despite their good faith effort, the Parties do not resolve their disagreement within ten (10) days of the Disclosing Party's receipt of the written notice, the Party contesting the designation or restriction on access may thereafter petition the Court, consistent with the governing local rules and individual practices, on the propriety of the designation. While the challenging Party must initiate the motion before the Court, it is the burden of the Party seeking protection under this order to demonstrate that the Confidential or Highly Confidential designation is appropriate. Until the Receiving Party applies to the Court for a ruling on the designation and the Court rules on that motion, the Discovery Materials in question will continue to be treated as Confidential or Highly Confidential under this Stipulation and Order, and a challenge under this paragraph shall not affect a Party's right of access to Confidential or Highly Confidential Discovery Material or to disclose information as provided for in this Stipulation and Order.  A Party does not waive its right to challenge a Confidential or Highly Confidential designation by not electing to mount a challenge promptly after the original designation is made.

10.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.  If a Receiving Party learns that, by inadvertence, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must

immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order; and (d) request such person or persons to execute the Acknowledgement that is attached hereto as Exhibit A.

11.     SUBMITTING "CONFIDENTIAL" INFORMATION WITH THE COURT.  If a Party wishes to file a document with the Court containing information designated as Confidential or Highly Confidential, it shall do so in compliance with Paragraph I.D.3 of the Honorable Lorna G. Schofield's Individual Rules and Procedures for Civil Cases.

12.     USE AND DISCLOSURE OF INDEPENDENTLY OBTAINED INFORMATION.  Nothing herein shall impose any restriction on the use or disclosure by a Party or its agent of its own information, or of information that is available to the public, or of information lawfully available to that party, or of information that lawfully came into the possession of the Party independent of any disclosure of Discovery Material made in this Action.

13.     DURATION OF ORDER/RETURN OF "CONFIDENTIAL" INFORMATION. All provisions of this Stipulation and Order restricting the use of Protected Material shall continue to be binding after the conclusion of this Action unless otherwise agreed or ordered by the Court.  Within sixty (60) days of the conclusion of this Action (whether by entry of a final order of dismissal, judgment, settlement, or disposition on appeal, or otherwise, and where the time for any further appeals has expired), all parties in receipt of Protected Material shall make commercially reasonable efforts to either return such materials and copies thereof to the Disclosing Party or destroy such materials and certify such destruction.  The Receiving Party is not required to return or destroy Confidential Material that (i) is stored on backup storage media

made in accordance with regular data backup procedures for disaster recovery purposes; (ii) is located in the email archive system or archived electronic files of departed employees; or (iii) is subject to legal hold obligations; provided however, that these materials continue to be subject to the terms of this Stipulation and Order.  Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material but such retained information shall continue to be treated in accordance with the Stipulation and Order.  Counsel of record shall also be permitted to keep a copy of Protected Material to the extent that it is incorporated into any pleadings, motions or other work product.  In that case, counsel of record shall continue to treat the Protected Material in accordance with this Stipulation and Order.  Upon request, counsel of record shall certify in writing that they have complied with this paragraph.

14.     RESERVATION OF RIGHTS.  Nothing contained in this Stipulation and Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a Party or a Party opponent.  Nothing in this Stipulation and Order shall be deemed an admission that any particular information designated as Confidential or Highly Confidential is entitled to protection under the Stipulation and Order, Federal Rule of Civil Procedure 26(c), or any other law.  Nothing in this Stipulation and Order shall be construed as granting any person or entity a right to receive specific Confidential or Highly Confidential Information where a court has entered an order precluding that person or entity from obtaining access to that information.  The Parties specifically reserve the right to challenge the designation of any particular information as Confidential or Highly Confidential, and agree that by stipulating to entry of this Stipulation and Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Order.  Similarly, no Party waives any right to

object on any ground to introduction or use as evidence of any of the Disclosure or Discovery

Material covered by this Stipulation and Order.

15.     <u>STANDARD OF CARE</u>.  The recipient of any "Confidential" Discovery Material

shall maintain in a secure and safe area and shall exercise a standard of due and proper care with

respect to the storage, custody, use, and/or dissemination sufficient to safeguard against

unauthorized or inadvertent disclosure of such material.  Protected Material shall not be copied,

reproduced, extracted or abstracted, except to the extent that such copying, reproduction,

extraction or abstraction is reasonably necessary for the conduct of this Action.  All such copies,

reproductions, extractions, and abstractions shall be subject to the terms of this Stipulation and

Order and labeled in the same manner as the designated material on which they are based.

16.     <u>USE AND DISCLOSURE OF OWN INFORMATION</u>.  Nothing in this

Stipulation and Order shall be construed to limit any Disclosing Party's use or disclosure of its

own documents, materials, or information that have been designated as Confidential or Highly

Confidential pursuant to this Stipulation and Order.

17.     <u>EFFECT ON OTHER AGREEMENTS</u>.  Nothing in this Stipulation and Order

shall be construed to effect, amend, or modify any existing confidentiality agreements between,

or protective orders applicable to, any of the Parties hereto.

18.     <u>MODIFICATION/RELIEF</u>.  This Stipulation and Order may be changed only by

agreement of the Parties or by an order of this Court.  Except as provided herein, this Stipulation

and Order shall not prejudice the right of any Party or non-party to move the Court to broaden or

restrict the rights of access to and use of particular Discovery Material, or to seek modification of

this Stipulation and Order upon due notice to all other Parties and affected non-parties.  Further,

entry of this Stipulation and Order shall be without prejudice to any Party's motion for relief

from or the modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any document or ESI, or other information in the course of this Action.

19.      THIRD-PARTY DISCOVERY.

19.1      The Parties shall serve a copy of this Stipulation and Order simultaneously with any discovery request made to a non-party in this Action.  Any Party shall be entitled to seek and enforce compliance with any non-party subpoena served in this matter by any other Party.  Further, in the event a non-party produces information in response to a subpoena or request, any Party receiving such information from the non-party shall ensure that all other Parties receive copies of the non-party's production within ten (10) business days of the Party's receipt of such production, or in the case of voluminous material or other exceptional circumstances, the Party receiving such information from the non-party shall notify all other Parties of its receipt of such production within five (5) business days, and shall provide copies of the non-party production to all other Parties as soon as practicable.

19.2      Any Party, and a Disclosing Party not a party to the Action from whom discovery is sought by one or more Parties to this Action, may designate Discovery Material produced by that non-party as Confidential or Highly Confidential consistent with the terms of this Stipulation and Order.

20.      NEW PARTIES TO THIS ACTION.  In the event that additional persons or entities become parties to this Action, such parties shall not have access to Protected Material produced by or obtained from any Disclosing Party until the newly joined parties or their counsel endorse a copy of the Acknowledgement and file it with the Court.

21.    <u>COURT RETAINS JURISDICTION</u>.  The Court retains jurisdiction even after final disposition of this litigation to enforce this Stipulation and Order by the sanctions set forth in Rule 37 of the Federal Rules of Civil Procedure and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Stipulation and Order in contempt and to make such amendments, modifications, deletions, and additions to this Stipulation and Order as the Court may from time to time deem appropriate.

22.    <u>EXECUTION</u>.  This Stipulation and Order may be executed in counterparts. This Stipulation and Order shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties.

SO STIPULATED AND AGREED:

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ Joon H. Kim

Joon H. Kim
Victor L. Hou
Rahul Mukhi
Mark E. McDonald
One Liberty Plaza
New York, New York  10006
T: 212-225-2000
F: 212-225-3999

*Attorneys for Plaintiff Manbro Energy Corporation*

GIBSON, DUNN & CRUTCHER LLP

/s/ Randy M. Mastro (with permission)

Randy M. Mastro
Mark A. Kirsch
Avi Weitzman
Casey Kyung-Se Lee
200 Park Avenue
New York, New York  10166
T: 212-351-4000
F: 212-351-4035

*Attorneys for Defendants Chatterjee Advisors, LLC, Chatterjee Fund Management, LP, Chatterjee Management Company, and Purnendu Chatterjee*

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

Pursuant to section 8.5(b) of the Electronic Case Filing Rules & Instructions for the United States District Court for the Southern District of New York, the use of conformed electronic signatures is with the consent of all signatories to this filing.

SO ORDERED.

Dated:  October 21, 2020
          New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MANBRO ENERGY CORPORATION,
individually and on behalf of all those
similarly situated,

                Plaintiff,

   -against-

CHATTERJEE ADVISORS, LLC,
CHATTERJEE FUND MANAGEMENT, LP,
CHATTERJEE MANAGEMENT
COMPANY, d/b/a THE CHATTERJEE
GROUP, and PURNENDU CHATTERJEE,

                Defendants.

**20 Civ. 3773 (LGS)**

---

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY STIPULATION AND ORDER OF CONFIDENTIALITY

I, _____, under penalty of perjury, 28 U.S.C. §1746, declare as follows:

      1.     Information, including documents and things, designated as Confidential or Highly Confidential as defined in the Stipulation and Order of Confidentiality entered in the above-captioned Action (the "Stipulation and Order"), is being provided to me pursuant to the restrictions of the Stipulation and Order.

      2.     I have been given a copy of and have read the Stipulation and Order.

      3.     I am familiar with the terms of the Stipulation and Order, and I agree to comply with and to be bound by its terms.

      4.     I submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcement of the Stipulation and Order.

5.      I acknowledge that violation of the Stipulation and Order may result in penalties for contempt of court.

6.      I agree to not use any Protected Materials (as defined in the Stipulation and Order) disclosed to me pursuant to the Stipulation and Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Stipulation and Order, without the express written consent of the party who designated the information as Confidential or Highly Confidential or by order of the presiding judge.

7.      I agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Stipulation and Order and of its binding effect on them and me.


Name:           _____

Job Title:      _____

Employer:       _____


Signed at _____, this ____ day of _____, 20__.