**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Mark A. Kirsch
Direct: +1 212.351.2662
Fax: +1 212.351.6362
MKirsch@gibsondunn.com

October 22, 2021

<u>VIA ELECTRONIC FILING</u>

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Manbro Energy Corp. v. Chatterjee Advisors, LLC et al.*, No. 20-cv-3773 (LGS)

Dear Judge Schofield:

I write respectfully on behalf of Defendants pursuant to the Court's Order, dated October 15, 2021, *see* Dkt. 145, directing Defendants to respond to Manbro's request to file under seal its October 14, 2021 pre-motion letter concerning its anticipated motion for partial summary judgment ("October 14 Letter"), *see* Dkts. 138–139.  For the following reasons, we respectfully request that the October 14 Letter remain under seal, and that Manbro be ordered to file a redacted version of the letter on the public docket.  Defendants attach hereto as Exhibit A proposed redactions for the Court's *in camera* review.

Leaving aside its substantial mischaracterization of the discovery in this case, the October 14 Letter contains "[i]nformation . . . that [Defendants] reasonably and in good faith believe[] contains or would disclose non-public, confidential, proprietary, financial, . . . or commercially sensitive information" ("Confidential Discovery Material").  Dkt. 51 § 1.3.  Specifically, the October 14 Letter includes confidential pricing and financial information, drawn from documents which Defendants have designated as Confidential Discovery Material, including confidential information regarding Haldia Petrochemicals Ltd., a non-party to the case.  These documents are properly regarded as confidential and subject to sealing.  *See Louis Vuitton Malletier S.A. v. My Other Bag, Inc.*, 156 F. Supp. 3d 425, 445 n.7 (S.D.N.Y. 2016) (granting request to partially seal briefs and emphasizing "the privacy interests of the parties in preventing the public disclosure of private business figures and communications"); *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting redactions of "confidential business information" and "internal business documents").  The Court previously granted a motion to seal similar confidential information, including information regarding valuations and valuation reports. *See* Dkt. 94.  And both parties have recognized the sensitivity of valuation reports, with Manbro and Defendants designating their expert valuation reports as "Confidential Discovery Material."  Moreover, "the presumption of public access to this information is low" where, as here, the relevant information "was exchanged through discovery pursuant to the parties' protective order."  *Nichols v. Noom Inc.*, 2021 WL 1812201, at *2 (S.D.N.Y. May 6, 2021).

**GIBSON DUNN**

Defendants recognize the standard for sealing, as cited in the Court's prior orders, *see, e.g.*, Dkt. 96, and for that reason have proposed limited redactions of the Confidential Discovery Material contained in the October 14 Letter. Accordingly, Defendants respectfully request that the Court direct Manbro to file a redacted version of its October 14 Letter, with the redactions proposed in Exhibit A hereto.

Respectfully,

*/s/ Mark A. Kirsch*

Mark A. Kirsch

cc:  All Counsel of Record

Plaintiff's application to seal the letter at Dkt. No. 139 is GRANTED for substantially the reasons in this letter.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 138 and to maintain the documents at Dkt. Nos. 139 and 152 under seal.

Dated: October 25, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE