# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Mark A. Kirsch
Direct: +1 212.351.2662
Fax: +1 212.351.6362
MKirsch@gibsondunn.com

October 29, 2021

VIA ELECTRONIC FILING

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Manbro Energy Corp. v. Chatterjee Advisors, LLC et al.*, No. 20-cv-3773 (LGS)

Dear Judge Schofield:

I write respectfully on behalf of Defendants pursuant to the Court's Order dated October 25, 2021, Dkt. 154, directing Defendants to respond to Manbro's request to file under seal Manbro's October 22, 2021 letters concerning Defendants' anticipated summary judgment and *Daubert* motions.  *See* Dkt. 147–149.  Defendants do not oppose the filing of Manbro's response to Defendants' summary judgment pre-motion letter on the public docket without redactions.  However, Defendants respectfully request that Manbro's *Daubert* response letter remain under seal, and that Manbro be ordered to file a redacted version of the letter on the public docket.  Defendants attach hereto as Exhibit A proposed redactions for the Court's *in camera* review.

Manbro's *Daubert* response letter contains "[i]nformation . . . that [Defendants] reasonably and in good faith believe[] contains or would disclose non-public, confidential, proprietary, financial, . . . or commercially sensitive information" ("Confidential Discovery Material").  Dkt. 51 § 1.3.  Specifically, Manbro's *Daubert* response letter includes confidential financial information obtained from documents that Defendants have designated as Confidential Discovery Material, including confidential information regarding Haldia Petrochemicals Ltd., a non-party to the case.  These documents are properly regarded as confidential and subject to sealing.  *See Louis Vuitton Malletier S.A. v. My Other Bag, Inc.*, 156 F. Supp. 3d 425, 445 n.7 (S.D.N.Y. 2016) (granting request to partially seal briefs and emphasizing "the privacy interests of the parties in preventing the public disclosure of private business figures and communications"); *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting redactions of "confidential business information" and "internal business documents").  The Court has previously granted motions to seal similar confidential information, including information regarding valuations and projections.  *See* Dkts. 94, 153.  And both parties have recognized the sensitivity of valuation reports, with Manbro and Defendants designating their respective expert valuation reports "Confidential" pursuant to the Court's Protective Order.  Moreover, "the presumption of public access to this information is low" where, as here, the relevant information "was

# GIBSON DUNN

exchanged through discovery pursuant to the parties' protective order."  *Nichols v. Noom Inc.*, 2021 WL 1812201, at *2 (S.D.N.Y. May 6, 2021).

Defendants recognize the standard for sealing, as cited in the Court's prior orders, *see, e.g.*, Dkt. 96, and for that reason have proposed limited redactions of the Confidential Discovery Material contained in Manbro's *Daubert* response letter.  Accordingly, Defendants respectfully request that the Court direct Manbro to file a redacted version of Manbro's *Daubert* response letter, Dkt. 149, with the redactions proposed in Exhibit A hereto.

Respectfully,

*/s/ Mark A. Kirsch*

Mark A. Kirsch

cc:  All Counsel of Record

For the reasons stated in this letter, Manbro's request to seal its *Daubert* response letter is GRANTED. Manbro's request to seal its response to Defendants' summary judgment pre-motion letter is DENIED because no party seeks to maintain that letter under seal.  Manbro shall file the *Daubert* response letter with Defendants' redactions on the public docket by **November 4, 2021**.

The Clerk of Court is respectfully directed to (1) unseal the letter at Dkt. No. 148, (2) maintain the letter at Dkt. No. 149 under seal with access limited to the parties listed in Appendix A of the letter at Dkt. No. 147 and (3) close the motions at Dkt. Nos. 140 and 147.

Dated: November 1, 2021
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**