# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

D: +1 212 225 2333
memcdonald@cgsh.com

STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
DAVID E. BRODSKY
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
AUDRY X. CASUSOL
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

VIA ECF                                                                March 16, 2022

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Manbro Energy Corp. v. Chatterjee Advisors, LLC, et al.*, No. 20-cv-3773 (LGS)

Dear Judge Schofield:

      We write on behalf of Plaintiff-Counter Defendant Manbro Energy Corporation ("Plaintiff" or "Manbro") to bring to the Court's attention the recent decision of the Delaware Court of Chancery in *In re Cellular Telephone P'ship Litig.*, No. 6885-VCL, 2022 WL 698112 (Del. Ch. Mar. 9, 2022) (attached hereto as Exhibit A), concluding that a minority squeeze-out of limited partners similar to the Final Distribution in this case did not satisfy the entire fairness test. Although it is a post-trial decision, *Cellular Telephone* rejects several legal arguments under Delaware law raised by Defendants in opposition to Plaintiff's currently-pending Motion for Partial Summary Judgment.[1]

      *First*, in *Cellular Telephone*, the court applied entire fairness to the squeeze-out of limited partners from a partnership, even though it was not a "merger transaction[] involving a controlling stockholder and a corporate subsidiary." *See* Defs. SJ Reply at 6 n.3 (arguing such cases are "factually inapposite"). As Manbro has explained, the Final Distribution is subject to

---

[1] Capitalized terms not defined in this letter shall have the meanings ascribed to them in the Second Amended Complaint (ECF No. 98) ("SAC"). Plaintiff-Counter Defendant's Memorandum of Law in Support of Its Motion for Partial Summary Judgment and in Opposition to Defendants-Counterclaimants' ("Defendants") Motion for Summary Judgment (ECF No. 191) is cited as "Pl. SJ MOL," and Plaintiff-Counter Defendant Manbro Energy Corporation's Reply Memorandum of Law in Support of Its Motion for Partial Summary Judgment (ECF No. 200) is cited as "Pl. SJ Reply." Defendants-Counter Claimants' Memorandum of Law in Support of Their Motion for Summary Judgment (ECF No. 186) is cited as "Defs. SJ MOL," and Defendants-Counter Claimants' Reply Brief in Further Support of Their Motion for Summary Judgment and Brief in Opposition to Plaintiff's Cross-Motion for Partial Summary Judgment (ECF No. 197) is cited as "Defs. SJ Reply."

entire fairness review just as the squeeze-out was in *Cellular Telephone*. Pl. SJ MOL at 13-22; Pl. SJ Reply at 2-9.

*Second*, the *Cellular Telephone* court rejected the defendant's argument that it could not be held liable simply because the challenged transaction was permitted by the governing partnership agreement. In so holding, the court stressed that, "[u]nder Delaware law, the actions of a fiduciary are twice-tested, first for legal authorization, and second for equity," and that "[f]air dealing does not turn on whether [the fiduciary] did the bare minimum that the law or the Partnership Agreement required." 2022 WL 698112, at *22. Defendants' contrary argument that their purported compliance with WPPE's governing documents absolves them of fiduciary liability, *See* Defs. SJ MOL at 16-18; Defs. SJ Reply at 16, should similarly be rejected here. *See* Pl. SJ MOL at 28-30; Pl. SJ Reply at 6-9.

*Third*, in assessing the "fair dealing" prong of the entire fairness test, the *Cellular Telephone* court noted that the mere fact that the defendant hired a financial advisor to assist with the transaction was not sufficient for defendant to carry its burden because it was "hardly a significant step," as "[b]uyers routinely hire a financial advisor for assistance," and "[i]t would have been striking if [the defendant] had not retained a financial advisor to help with the transaction." 2022 WL 698112, at *23. Here, it is indeed "striking" that the Fiduciary Defendants failed even to hire a financial advisor or to otherwise seek an independent valuation of the Haldia shares in connection with the Final Distribution. *Cellular Telephone* thus highlights why there is no genuine dispute as to the sufficiency of the Fiduciary Defendants' process. *See* Pl. SJ MOL at 22-24; Pl. SJ Reply at 10.

*Fourth*, the *Cellular Telephone* court awarded "fair value" (i.e., appraisal-type) damages to the minority partners, 2022 WL 698112, at *2, notwithstanding that the defendant did not subsequently sell the partnership to a third party (and the court found it would not do so). 2022 WL 698112, at *57. Here too, Defendants' purported inability to sell the Haldia shares until 2029 (which, in any event, the Fiduciary Defendants cannot show) is entirely irrelevant. *See* Pl. SJ MOL at 16-17. As in *Cellular Telephone*, all that matters is that the minority investor—here, Manbro—did not "receive[] the substantial equivalent in value of what [it] had before." 2022 WL 698112, at *26.

*Finally*, contrary to Defendants' argument in this case that the appraisal "fair value" standard (which excludes minority and marketability discounts) does not apply in entire fairness cases, the *Cellular Telephone* court notably did not apply minority or marketability discounts, even though it was valuing a 1.881% stake in a non-public partnership. 2022 WL 698112, at *2; *see* Pl. SJ MOL at 25-27; Pl. SJ Reply at 11. Moreover, as Manbro has argued here, the court there recognized that the remedy for a fiduciary's disloyalty "should seek to ensure that [the] fiduciary not profit from its actions." 2022 WL 698112, at *42. *Cellular Telephone* thus confirms that it would be particularly inappropriate on the facts of this case to apply any minority or marketability discounts to the valuation of Haldia shares where doing so would improperly award Defendants a windfall. Pl. SJ MOL at 26.

Respectfully Submitted,

*/s/ Mark E. McDonald*

Mark E. McDonald

The Honorable Lorna G. Schofield, p. 3

cc: All Counsel of Record (via ECF)