# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Mark A. Kirsch
Direct: +1 212.351.2662
Fax: +1 212.351.6362
MKirsch@gibsondunn.com

January 24, 2022

*[Signature]*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

VIA ELECTRONIC FILING

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Application granted. The documents listed in Appendix A shall remain under seal and documents listed in Appendix B shall remain redacted. Defendant shall refile Exhibits 31 and 33 under seal to the Declaration of Avi Weitzman in Support of Defendants' Motion for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Partial Summary Judgment as it appears that incorrect versions of the Exhibits have been filed under seal at Dkt. No. 201.**

**Dated: June 3, 2022**
**New York, New York**

Re:   *Manbro Energy Corp. v. Chatterjee Advisors, LLC et al.*, No. 20-cv-3773 (LGS)

Dear Judge Schofield:

The parties in the above-referenced action respectfully submit this letter pursuant to Paragraph 11 of the Stipulation and Order of Confidentiality, dated October 21, 2020, Dkt. No. 51 ("Confidentiality Order") to request that certain documents relating to the parties' cross-motions for summary judgment and Defendants' motion to exclude be filed under seal. Specifically, the parties respectfully request that the documents listed in Appendix A to this letter be filed under seal, while the documents listed in Appendix B be redacted.[1] Parties and attorneys of record who should have access to the sealed and redacted documents are listed in Appendix C to this letter.

As the Court has recognized, "'the common law right of public access to judicial documents' . . . is not absolute, and courts 'must balance competing considerations against' the presumption of access." *Kewazinga Corp. v. Google LLC*, 2020 WL 8224932, at *1 (S.D.N.Y. July 22, 2020) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)) (sealing the parties' papers for cross-motions for summary judgment). "The decision as to access" is made "in light of the relevant facts and circumstances of the particular case." *Price v. L'Oreal USA Inc.*, 2020 WL 1503122, at *1 (S.D.N.Y. Mar. 30, 2020) (quotation marks omitted). Those facts and circumstances support sealing and redacting the documents referenced in Appendices A and B for the reasons described below.

Specifically, the documents listed in Appendices A and B contain or refer to information Defendants produced during discovery that the parties "reasonably and in good faith believe[] contains or would disclose non-public, confidential, proprietary, financial, customer, client or commercially sensitive information" ("Confidential Discovery Material"). Dkt. No. 51 ¶ 1.3. These documents include confidential and sensitive

---

[1] In accordance with Paragraph I.D.3 of Your Honor's Individual Rules and Procedures, the documents listed in Appendix A, and unredacted and highlighted versions of the documents listed in Appendix B, will be contemporaneously filed under seal in ECF; in addition, redacted versions of the documents listed in Appendix B will be filed on the public docket.

**GIBSON DUNN**

information regarding non-party investors, personal contact information for Defendants' employees and non-party shareholders of Haldia Petrochemicals Limited ("Haldia") (which is also a non-party), valuations and projections of Haldia, Defendants' internal business deliberations and negotiations with non-parties, and other financial information regarding Haldia. These documents, which Defendants designated as Confidential Discovery Material, are properly subject to sealing. *See Kewazinga Corp.*, 2020 WL 8224932, at *1 (filing summary judgment papers and supporting exhibits under seal and in redacted form "to prevent the unauthorized dissemination of the parties' confidential business information . . . and third-party confidential business information and personal information"); *Louis Vuitton Malletier S.A. v. My Other Bag, Inc.*, 156 F. Supp. 3d 425, 445 n.7 (S.D.N.Y. 2016) (granting request to partially seal summary judgment papers and emphasizing "the privacy interests of the parties in preventing the public disclosure of private business figures and communications"); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("the privacy interests of innocent third parties should weigh heavily in a court's balancing equation"). Indeed, the Court previously granted a motion to seal certain of the valuation and financial information that the parties ask the Court to seal here. *See* Dkt. No. 94.

The parties recognize the standard for sealing, as cited in the Court's prior orders, *see, e.g.*, Dkt. No. 96, and for that reason have proposed limited redactions of the Confidential Discovery Material where possible. Accordingly, the parties respectfully request that the Court seal the documents in Appendix A and redact the documents in Appendix B.

Respectfully,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Mark A. Kirsch*
Randy M. Mastro
Mark A. Kirsch
Avi Weitzman
Casey Kyung-Se Lee
200 Park Avenue
New York, New York 10166
T: 212-351-4000
F: 212-351-4035

*Attorneys for Defendants Chatterjee Advisors, LLC, Chatterjee Fund Management, LP, Chatterjee Management Company, and Purnendu Chatterjee*

GIBSON DUNN

CLEARY GOTTLIEB STEEN & HAMILTON LLP

<u>/s/ Mark E. McDonald</u> (with permission)
Joon H. Kim
Victor L. Hou
Rahul Mukhi
Mark E. McDonald
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999

*Attorneys for Plaintiff Manbro Energy Corporation*

GIBSON DUNN

## Appendix A: Documents to Be Sealed

- Exhibits 31, 33, and 55, and Response Exhibits 2–10 to the Declaration of Avi Weitzman in Support of Defendants' Motion for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Partial Summary Judgment

- Exhibits 19, 24, 26, 28, 31, 39, and 41–42, and Response Exhibit 8 to the Declaration of Kal Blassberger in Support of Plaintiff-Counter Defendant's Motion for Partial Summary Judgment and in Opposition to Defendants-Counter Claimants' Motion for Summary Judgment

**GIBSON DUNN**

## Appendix B: Documents to Be Redacted

Defendants-Counter Claimants:

- Defendants-Counter Claimants' Local Civil Rule 56.1 Statement of Undisputed Material Facts in Support of Their Motion for Summary Judgment

- Defendants-Counter Claimants' Response to Plaintiff-Counter Defendant Manbro Energy Corporation's Statement of Undisputed Material Facts in Support of Its Motion for Partial Summary Judgment

- Defendants-Counter Claimants' Reply Brief in Further Support of Their Motion for Summary Judgment and Brief in Opposition to Plaintiff's Cross-Motion for Partial Summary Judgment

- Defendants-Counter Claimants' Memorandum of Law in Support of Their Motion to Exclude the Reports and Testimony of Dr. Antoinette Schoar

- Exhibits 1, 5, 7, 10, 29, 40–41, 45, 48, 52, 57, and 59–61 to the Declaration of Avi Weitzman in Support of Defendants' Motion for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Partial Summary Judgment

- Exhibits C and D, G, and H to the Declaration of Avi Weitzman in Support of Defendants-Counter Claimants' Motion to Exclude the Reports and Testimony of Dr. Antoinette Schoar

Plaintiff-Counter Defendant:

- Plaintiff-Counter Defendant's Memorandum of Law in Support of Its Motion for Partial Summary Judgment and in Opposition to Defendants-Counter Claimants' Motion for Summary Judgment

- Plaintiff-Counter Defendant Manbro Energy Corporation's Statement of Undisputed Material Facts in Support of Its Motion for Partial Summary Judgment

- Plaintiff-Counter Defendant Manbro Energy Corporation's Response to Defendants-Counter Claimants' Local Civil Rule 56.1 Statement of Undisputed Material Facts in Support of Their Motion for Summary Judgment

- Plaintiff-Counter Defendant's Memorandum of Law in Opposition to Defendants-Counter Claimants' Motion to Exclude the Reports and Testimony of Dr. Antoinette Schoar

**GIBSON DUNN**

- Exhibits 2–3, and Response Exhibits 2, 6, and 11–12 to the Declaration of Kal Blassberger in Support of Plaintiff-Counter Defendant's Motion for Partial Summary Judgment and in Opposition to Defendants-Counter Claimants' Motion for Summary Judgment

- Exhibits A–B, D, F, and J to the Declaration of Mark E. McDonald in Support of Plaintiff-Counter Defendant's Opposition to Defendants-Counter Claimants' Motion to Exclude the Reports and Testimony of Dr. Antoinette Schoar

**Appendix C: Parties and Attorneys of Record**

Parties

Manbro Energy Corporation

Chatterjee Advisors, LLC

Chatterjee Fund Management, LP

Chatterjee Management Company, d/b/a The Chatterjee Group

Purnendu Chatterjee

Gibson, Dunn & Crutcher LLP

Randy M. Mastro

Mark A. Kirsch

Avi Weitzman

Casey Kyung-Se Lee

Cleary Gottlieb Steen & Hamilton LLP

Joon H. Kim

Victor L. Hou

Rahul Mukhi

Mark E. McDonald