# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

December 23, 2022

Mark A. Kirsch
Partner
Direct Dial: +1 212 790 5329
Direct Fax: +1 212 556 2222
MKirsch@kslaw.com

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
(212) 805-0288

Re: *Manbro Energy Corp. v. Chatterjee Advisors, LLC*, No. 20 Civ. 3773 (LGS) (S.D.N.Y.)

Dear Judge Schofield:

I write respectfully on behalf of Defendants pursuant to the Court's December 21, 2022 Order directing Defendants to respond to Manbro's request to file under seal Exhibits A-F to the Declaration of J.D. Colavecchio in Support of Plaintiff's Pretrial Memorandum of Law (together, the "Exhibits"). *See* Dkt. No. 291. Defendants recognize the standard for sealing as cited in the Court's prior orders, *see, e.g.*, Dkt. No. 96, and do not oppose the filing of Exhibits A-D and F on the public docket, *see* Dkt. Nos. 286-1 to 286-4, and 286-6. Defendants respectfully request that Exhibit E remain under seal. *See* Dkt. No. 286-5.

Exhibit E is an excerpt from the rebuttal report of Defendants' valuation expert, Marc J. Brown, and contains "[i]nformation . . . that [Defendants] reasonably and in good faith believe[] contains or would disclose non-public, confidential, proprietary, financial, . . . or commercially sensitive information." Dkt. No. 51 § 1.3. Specifically, Exhibit E includes confidential information regarding valuations of Haldia Petrochemicals Ltd., a non-party to the case. This information is properly regarded as confidential and subject to sealing. *See Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting redactions of "confidential business information" and "internal business documents"). The Court has previously granted motions to seal similar information regarding valuations. *See* Dkt. Nos. 94, 153, 215. Moreover, "the presumption of public access to this information is low" where, as here, the relevant information "was exchanged through discovery pursuant to the parties' protective order." *Nichols v. Noom Inc.*, 2021 WL 1812201, at *2 (S.D.N.Y. May 6, 2021). Accordingly, Defendants respectfully request that Exhibit E remain under seal.

We thank the Court for its consideration of this request.

Respectfully,

*/s/ Mark A. Kirsch*

Mark A. Kirsch

Cc: All counsel of record (via ECF)