*Application GRANTED. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access.  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted).  The presumption of access to the exhibit referenced below is relatively weak because much of it is not relevant to the performance of the judicial function, and the relevant portions are described in the publicly-filed memoranda of law.  That weak presumption of public access is outweighed by the interest in limiting the dissemination of confidential and potentially sensitive business information concerning the valuation of Haldia.*

*By **January 6, 2023**, Plaintiff shall re-file the Colavecchio Declaration on the public docket with unredacted versions of Exhibits A-D and F.  Exhibit E shall remain filed under seal.*

*Dated:  December 27, 2022*
*New York, New York*

*LORNA G. SCHOFIELD*
*UNITED STATES DISTRICT JUDGE*

Re: *Manbro Energy Corp. v. Chatterjee Advisors, LLC*, No. 20 Civ. 3773 (LGS) (S.D.N.Y.)

Dear Judge Schofield:

      I write respectfully on behalf of Defendants pursuant to the Court's December 21, 2022 Order directing Defendants to respond to Manbro's request to file under seal Exhibits A-F to the Declaration of J.D. Colavecchio in Support of Plaintiff's Pretrial Memorandum of Law (together, the "Exhibits").  *See* Dkt. No. 291.  Defendants recognize the standard for sealing as cited in the Court's prior orders, *see, e.g.*, Dkt. No. 96, and do not oppose the filing of Exhibits A-D and F on the public docket, *see* Dkt. Nos. 286-1 to 286-4, and 286-6.  Defendants respectfully request that Exhibit E remain under seal.  *See* Dkt. No. 286-5.

      Exhibit E is an excerpt from the rebuttal report of Defendants' valuation expert, Marc J. Brown, and contains "[i]nformation . . . that [Defendants] reasonably and in good faith believe[] contains or would disclose non-public, confidential, proprietary, financial, . . . or commercially sensitive information."  Dkt. No. 51 § 1.3.  Specifically, Exhibit E includes confidential information regarding valuations of Haldia Petrochemicals Ltd., a non-party to the case.  This information is properly regarded as confidential and subject to sealing.  *See Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting redactions of "confidential business information" and "internal business documents").  The Court has previously granted motions to seal similar information regarding valuations.  *See* Dkt. Nos. 94, 153, 215.  Moreover, "the presumption of public access to this information is low" where, as here, the relevant information "was exchanged through discovery pursuant to the parties' protective order."  *Nichols v. Noom Inc.*, 2021 WL 1812201, at *2 (S.D.N.Y. May 6, 2021).  Accordingly, Defendants respectfully request that Exhibit E remain under seal.

      We thank the Court for its consideration of this request.

Respectfully,

*/s/ Mark A. Kirsch*

Mark A. Kirsch

Cc: All counsel of record (via ECF)