# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Mark A. Kirsch
Partner
Direct Dial: +1 212 790 5329
Direct Fax: +1 212 556 2222
MKirsch@kslaw.com

January 5, 2023

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
(212) 805-0288

    Re: *Manbro Energy Corp. v. Chatterjee Advisors, LLC*, No. 20 Civ. 3773 (LGS) (S.D.N.Y.)

Dear Judge Schofield:

    I write respectfully on behalf of Defendants pursuant to the Court's January 3, 2023 Order directing Defendants to respond to Manbro's request to file under seal Exhibits A-J, L, O-P, R-T, W and X to the Declaration of Mark E. McDonald in Support of Plaintiff's Motions *in Limine* (together, the "Exhibits"), as well as Plaintiff's Motion *in Limine* No. 7 (the "Motion"). *See* Dkt. No. 296. Defendants do not oppose the filing of Exhibits B, D, F-H, J, L, S, and X on the public docket, *see* Dkt. Nos. 261-2, 261-4, 261-6 to 261-8, 261-10, 261-12, 261-19, 261-24. Defendants respectfully request that the Motion, and Exhibits A, C, I, and P, be redacted (*see* Dkt. Nos. 257, 261-1, 261-3, 261-9, and 261-16), and that Exhibits E, O, R, T, and W remain sealed in their entirety (*see* Dkt. Nos. 261-5, 261-15, 261-18, 261-20, 261-23).[1]

    As the Court has recognized, "'the common law right of public access to judicial documents' . . . is not absolute, and courts 'must balance competing considerations against' the presumption of access." *Kewazinga Corp. v. Google LLC*, 2020 WL 8224932, at *1 (S.D.N.Y. July 22, 2020) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). Here, the documents sought to be redacted or sealed in their entirety contain or refer to "[i]nformation . . . that [Defendants] reasonably and in good faith believe[] contains or would disclose non-public, confidential, proprietary, financial, . . . or commercially sensitive information." Dkt. No. 51 § 1.3. Specifically, these documents include confidential and sensitive information regarding non-party investors, valuations of non-party Haldia Petrochemicals Ltd. ("Haldia"), personal contact information for non-parties, internal deliberations and negotiations with non-parties, and Haldia's business documents. This information is properly regarded as confidential and subject to sealing. *See Kewazinga Corp.*, 2020 WL 8224932, at *1 (granting request to file exhibits under seal and in redacted form "to prevent the unauthorized dissemination of the parties' confidential business information . . . and third-party confidential business information and personal information"); *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting redactions of "confidential business information" and "internal business documents"); *see also United*

---

[1] In accordance with Paragraph I.D.3 of Your Honor's Individual Rules and Practices, unredacted and highlighted versions of the Motion, and Exhibits A, C, I, and P, will be contemporaneously filed under seal in ECF, and redacted versions will be filed on the public docket.

*States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("the privacy interests of innocent third parties should weigh heavily in a court's balancing equation").  The Court has previously granted motions to seal similar information, *see* Dkt. Nos. 94, 153, 215, including granting motions to seal in full Exhibits R, T, and W, and substantially all of Exhibit E, *see* Dkt. Nos. 215, 238, 293.  Moreover, "[t]he presumption of access" to the above-referenced filings "is relatively weak because much of it is not relevant to the performance of the judicial function."  Dkt. No. 293.

      Defendants recognize the standard for sealing as stated in the Court's prior orders, *see, e.g.*, Dkt. Nos. 96, 293, and have limited their proposed redactions and request for filing documents entirely under seal.  *See In re Zimmer M/L Taper Hip Prosthesis Liab. Litig.*, 2021 WL 4706199, at *3 (S.D.N.Y. Oct. 8, 2021) (filing exhibits "entirely under seal" where "redaction is impracticable" and would "leav[e] the public with unintelligible documents that do nothing to help the public to monitor the federal courts"); *In re Grand Jury Subpoenas Dated March 2, 2015*, 2016 WL 6126392, at *5 (S.D.N.Y. Oct. 19, 2016) (declining to require redactions where "redaction would be cumbersome and largely impractical"). Accordingly, Defendants respectfully request that the Motion, and Exhibits A, C, I, and P, be redacted (*see* Exs. 1-5), and that Exhibits E, O, R, T, and W remain sealed in their entirety.

      We thank the Court for its consideration of this request.

      Respectfully,

      */s/ Mark A. Kirsch*

      Mark A. Kirsch

Cc: All counsel of record (via ECF)