By **February 7, 2023**, Plaintiff shall file a responsive letter, which shall not exceed three pages.

So Ordered.

Dated:  January 31, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: *Manbro Energy Corp. v. Chatterjee Advisors, LLC*, No. 20 Civ. 3773 (LGS) (S.D.N.Y.)

Dear Judge Schofield:

I respectfully write on behalf of Defendants to request that, in light of the parties' recent pretrial filings, the Court now dismiss plaintiff Manbro's few remaining claims or, at a minimum, direct briefing on this request.  Manbro's pretrial memoranda expressly state that Manbro seeks to hold Defendants "liable for *failing to pay fair value* to Manbro for the Haldia shares." Dkt. 307 at 6 (emphasis added).  But the Fund's governing documents plainly gave Chatterjee Advisors the contractual right to liquidate this Fund at "net asset value" ("NAV"), meaning "the lesser of cost or fair value." SJ Op. 12 (Dkt. 218).  Indeed, this Court has already determined that "The Agreement Does Not Require Payment at Fair Market Value." MTD Op. 11 (Dkt. 71).  In a stunning about-face, Manbro now argues that the linchpin of its implied covenant claim—the contractual provision authorizing Chatterjee Advisors "in its sole discretion" to withdraw Manbro at NAV (SJ Op. 7-8)—is "irrelevant." Dkt. 307 at 6.  The practical implications of this position are clear: Manbro seeks an outcome directly at odds with the law of the case, the law of Delaware, and the parties' agreement.  As a result, Manbro simply cannot prevail here, and there is no material fact issue for the jury to decide.

As Defendants explained in their pretrial memoranda, Your Honor already dismissed much of Manbro's case, including its centerpiece breach of contract claim, because the parties' agreement "explicitly authorizes what occurred here"—namely, "the withdrawal of [Fund investors]' interests on a compulsory basis at [NAV]," MTD Op. 10-11, which is defined as the "***lesser of cost or fair value***."  That dispositive ruling also necessarily had ramifications for Manbro's implied covenant and fiduciary duty claims, because the contract provision was directly on point, thus foreclosing on the same basis the fiduciary duty claim against Chatterjee Advisors.  *Id.* at 16-18.

Manbro's implied covenant of good faith and fair dealing claim against Chatterjee Advisors barely survived dismissal, and only because the Court reasoned Manbro's claim was *not* "about the application of NAV"—whether Chatterjee Advisors paid out the "lesser of cost or fair value," as required by the contract. *Id.* at 14-15.  Moreover, Manbro's "derivative" fiduciary duty claims against Dr. Chatterjee, as a remote controller, and against CFM and CMC, under an aiding and abetting theory, only survived to the extent Chatterjee Advisors breached the contract by violating some other implied term.  SJ Op. 10 n.3.  Indeed, on summary judgment, the Court once again acknowledged that Defendants cannot be liable for simply doing what the contract "explicitly authorized" Chatterjee Advisors to do: "liquidate Manbro at a price ***lower than fair value***." *Id.* at 12 (emphasis in original).

Ignoring the Court's prior rulings on this point, Manbro again conflates ownership of indirect interests in Haldia with owning Haldia shares, and now squarely states in its pretrial response that its trial theory is that Defendants are "liable for *failing to pay fair value* to Manbro for the Haldia shares at the time of the Final Distribution." Dkt. 307 at 6 (emphasis added). And Manbro goes further, calling "irrelevant" (*id.*) the very contractual provision that explicitly authorized Chatterjee Advisors "in its sole discretion" to decide when to liquidate the Fund, SJ Op. 7-8, paying the Final Distribution at "the lesser of cost or fair value," *id.* at 12. But the provision it now deems "irrelevant" is the crux of Manbro's implied covenant claim—namely, whether Chatterjee Advisors "exercise[d] that discretion consistently with the parties' agreement and purpose." *Id.* The position Manbro has now committed itself to taking at trial simply cannot be squared with the Court's prior rulings throughout this case, the express terms of the parties' agreement, and controlling Delaware law. *See* Dkt. 284, 309.

In sum, Manbro intends to try a case seeking to hold Defendants liable for not paying it "fair value," despite the parties' contract expressly authorizing payment of the "lesser of cost or fair value" where, as here, a liquidation event was declared. That it cannot do. By committing to that position, Manbro has now admitted it has no viable implied covenant or fiduciary duty claim to put to the jury.

We therefore respectfully request that the Court now dismiss this case in light of Manbro's admissions in the parties' recent pretrial submissions.[1] In addition, given Manbro's own acknowledgment that the parties "have very different views on the law of the case and how the jury should be instructed on the law," Dkt. 307 at 1, Defendants respectfully request that the Court now rule on this request, the other issues raised in the parties' pre-trial briefing, and the parties' respective motions *in limine*, so the parties have those ruling well in advance of their June 6, 2023 deadline to file trial-related materials. *See* Dkt. 288. Those rulings will aid the parties in framing the case and the issues to be tried, and could contribute to resolving the case without need of a trial.

Respectfully,

/s/ *Mark A. Kirsch*

Mark A. Kirsch

Cc: All counsel of record (via ECF)

---

[1] The "sole discretion" that the contract affords Chatterjee Advisors specifically relates to "requir[ing] the withdrawal of a member's interest on a compulsory basis." Dkt. 44-1 at 6. By the contract's clear terms, once a liquidation event was declared, Chatterjee Advisors was authorized and, indeed, required to pay investors the "lesser of cost or fair value," which it did with every other Fund investor. *See* SJ Op. 12; Dkt. 44-1 at 5-6; Dkt. 195 ¶ 125. And Manbro should not be heard to complain about Chatterjee Advisors' exercise of this discretion, since Manbro also had the discretion to return the Final Distribution payment and remain invested in Haldia. But Manbro now admits what it really seeks here is preferential treatment to be paid "fair value," regardless of what the contract provided and every other investor received. And in an effort to avoid the implications of the Court's summary judgment opinion (SJ Op. 7-12), Manbro's pretrial submissions now make plain Manbro is not arguing any abuse of discretion in the timing of this liquidation event. Nor could Manbro, since it and other investors admittedly wanted to liquidate to cash at the time the Fund's one remaining interest in Haldia, which, as this Court has previously recognized, would otherwise have remained illiquid until 2029. *See id.* at 11 n.4.