UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                    :

MANBRO ENERGY CORPORATION,       :
                               Plaintiff,    :
                                              :          20 Civ. 3773 (LGS)
          -v-                       :
                                              :          ORDER
CHATTERJEE ADVISORS, LLC, et al.,      :
                                 Defendants.  :
                                              :
                                            :
-----------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, an Order dated March 17, 2023, (the "Order") granted Plaintiff's motion *in limine* No. 5 (excluding evidence and argument regarding other investors' responses to the Final Distribution) and No. 6 (excluding evidence and argument regarding Manbro's class allegations and press outreach);

WHEREAS, on March 31, 2023, Defendants filed a motion for reconsideration of two rulings: "the exclusion of evidence or argument on (i) 'Plaintiff's motives for bringing the lawsuit, how Plaintiff funded it and the fact that Plaintiff wanted to pressure Defendants to settle,' and (ii) 'other investors' responses' to the Final Distribution";

WHEREAS, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (internal quotation marks omitted). A

motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).  Courts "will not address new arguments or evidence that the moving party could have raised before the decision issued."  *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *see also Suarez v. United States*, No. 17 Civ. 133, 2022 WL 1078436, at *2 (S.D.N.Y Apr. 11, 2022).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court."  *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Suarez*, 2022 WL 1078436, at *2.

**Plaintiff's Motion in Limine No. 5**

WHEREAS, regarding Plaintiff's motion *in limine* No. 5, Defendants seek reconsideration of the Order's exclusion of evidence and argument about the decision by investors other than Manbro to accept the Final Distribution.  The Order held that the probative value of this evidence is slight given the lack of record evidence of why other investors accepted the distribution.  Defendants argue that the Court overlooked such evidence already in the record, as well as similar additional evidence that may be offered at trial.

Defendants identify record evidence that speaks to the circumstances surrounding investors' decision to accept the Final Distribution, but does not address *why* other investors accepted the distribution and executed releases.  The record evidence, duly considered by the Court in its ruling on the motion in *limine*, does not assuage the Court's concern that the jury will be invited to speculate about the reasons animating investors' acceptance of the Final

Distribution in a way that risks significant prejudice.  Defendants' argument about the possibility of trial evidence that does not invite speculation is similarly unconvincing.  Speculation about what *might* be presented at trial neither addresses "data that the court overlooked," nor asserts the "availability of new evidence," which may be a proper basis for reconsideration.  *Cho*, 991 F.3d at 170.  Evidence of other investors is also potentially confusing and prejudicial, because it improperly focuses on the motives and motivation of Manbro and the other investors, rather than Defendants' motives which are central to the claims to be tried, as explained below.

**Plaintiff's Motion in Limine No. 6**

WHEREAS, regarding Plaintiff's motion *in limine* No. 6, Defendants seek reconsideration of the exclusion of evidence and argument about Plaintiff's withdrawn class allegations and limited press outreach.  Defendants essentially rehash their arguments on relevance, and add new arguments, neither of which is permissible on a motion for reconsideration.  The gravamen of the case to be tried is that Defendants acted to benefit themselves at the expense of Plaintiff, resulting in claims for breach of the covenant of good faith and fair dealing, breach of fiduciary duty and unjust enrichment.  As stated in the Order, *Plaintiff's* motives -- allegedly as evidenced by Plaintiff's withdrawn class allegations and press outreach -- are not relevant to these claims.

Defendants argue that the Court overlooked controlling law in holding that the evidence of Plaintiff's motive is irrelevant.  Defendants first point to *United States v. White*, 692 F.3d 235 (2012), which the Order explicitly addressed and found to be inapposite.  In the instant motion, Defendants contend the Court overlooked their arguments on relevance, identifying several inferential chains that they argue are supported by *White*.  While evidence that "requires a chain of complex reasoning" may be relevant, *White*, 692 F.3d at 247, Defendants do not establish how

evidence excluded by the Order, by reasoning simple or complex, relates to the merits of Plaintiff's claims.

Defendants next argue that the Order conflicts with Federal Rule of Evidence 404(b)(2), which permits evidence of a party's motive.  Leaving aside that Rule 404(b) addresses the admissibility of prior similar acts and has nothing to do with the evidence at issue here, the argument is new and therefore improper on a motion for reconsideration.  As courts "will not address new arguments or evidence that the moving party could have raised before the decision issued," *Banister*, 140 S. Ct. at 1703, the Court declines to address this new argument here.

Defendants also rehash the argument that Plaintiff's class allegations and press outreach are relevant to Manbro's and its witnesses' bias and credibility.  This argument was previously raised, considered and rejected, although not explicitly.  Whatever probative value the evidence may have, introducing and attempting to explain the procedural history and propriety or not of asserting class claims and then withdrawing them would confuse the jury and waste time.  The thrust of Defendants' argument, as to both Manbro's class allegations and press outreach, is to portray Manbro as "unscrupulous" and "ruthless" and "committed to extracting value through any means available to it."  The excluded evidence is unfairly prejudicial and outweighs any probative value.

In response to Defendants' request for clarification, the Order granted Plaintiff's motion to exclude evidence of Plaintiff's class allegations and press outreach.  The Order's reasoning included that Plaintiff's motives for bringing the lawsuit are irrelevant, which is likely to inform the Court's future rulings on evidence not yet before the Court.  It is hereby

4

**ORDERED** that Defendants' motion for reconsideration of the Court's rulings on Plaintiff's motions *in limine* Nos. 5 and 6 is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 318.

Dated: May 23, 2023
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

5