UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                                                   :
MANBRO ENERGY CORPORATION,           :
                                       Plaintiff,   :
                                                           :                 20 Civ. 3773 (LGS)
                            -against-              :
                                                           :                 <u>ORDER</u>
CHATTERJEE ADVISORS, LLC, et al.,         :
                                           Defendants.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, a final pretrial conference was held on June 27, 2023, at 11:15 a.m. For the reasons stated in the conference, it is hereby

       ORDERED that each side shall have nine hours trial time for the liability phase (direct, cross, redirect and any other time counsel for that party is speaking when the jury is present, except opening statements and summations). Opening statements shall not exceed 45 minutes per side. The duration of summations will be determined at a later date. It is further

       ORDERED that by **July 3, 2023**, the parties shall file revised exhibit lists including only those exhibits that each party genuinely intends to introduce in its case in chief at trial, and excluding exhibits that have been excluded by prior ruling, whether explicitly or implicitly, or have been withdrawn. The lists shall clearly indicate which exhibits still require a ruling. The parties shall email a courtesy copy of the lists in native format. If more than ten documents require a ruling, by **July 3, 2023**, the objecting party shall file a letter as before grouping the objections; it is further

       ORDERED that:

I.A    Exhibits Regarding Manbro's Returns on Non-Haldia Investments -- Exhibits DX-15, 16, 21 and 24 are excluded. Exhibits DX-17, 18 and 29 shall be redacted to exclude

investment returns.

I.B   Exhibits Regarding Other Investors' Responses to the Final Distribution -- Exhibits DX-40, 59 and 60 are excluded for the reasons stated in the Court's motion in limine order ("MIL Order"), Dkt. 316. Exhibits DX-1 and 37 shall be redacted because Defendants do not object to the proposed redactions. Exhibits DX-9 and 34 shall be redacted pursuant to the MIL Order.

I.C   Exhibits Regarding Manbro's Class Allegations -- Exhibits DX-116 and 117, the complaint and amended complaint, are excluded pursuant to this Court's usual practice.

I.D   Exhibits that Are Not Probative of Defendants' Subjective Views Regarding the Value of Haldia Shares -- Exhibit DX-69 will be admitted. During the liability phase of the trial, Exhibits DX-72, 77, 90, 99, 101 and 102 are excluded because they are dated after the Final Distribution and therefore are not probative of what Defendants knew or believed at the time of the Final Distribution. Exhibits DX-109, 110, 111, 113 and 114 are excluded because the academic literature, without evidence of Defendants' awareness of it, is not probative of what Defendants knew or believed at the time of the Final Distribution. Exhibit DX-120 shall be redacted to exclude the financial results not known at the time of Defendants' decision to make the Final Distribution.

I.E   Litigation-Related Exhibits -- Defendants have withdrawn Exhibit DX-119, and has in effect withdrawn Exhibits DX-127 through 140 as exhibits to be offered in their case-in-chief.

II.A   Late-Disclosed Exhibits -- Exhibits PX-320 through 385 are not excluded based on timeliness because a merits-based ruling is preferred when there is no showing of prejudice. Exhibits PX-298 through 305 are excluded based on Rule 403 as explained at

investment returns.

I.B   Exhibits Regarding Other Investors' Responses to the Final Distribution -- Exhibits DX-40, 59 and 60 are excluded for the reasons stated in the Court's motion in limine order ("MIL Order"), Dkt. 316. Exhibits DX-1 and 37 shall be redacted because Defendants do not object to the proposed redactions. Exhibits DX-9 and 34 shall be redacted pursuant to the MIL Order.

I.C   Exhibits Regarding Manbro's Class Allegations -- Exhibits DX-116 and 117, the complaint and amended complaint, are excluded pursuant to this Court's usual practice.

I.D   Exhibits that Are Not Probative of Defendants' Subjective Views Regarding the Value of Haldia Shares -- Exhibit DX-69 will be admitted. During the liability phase of the trial, Exhibits DX-72, 77, 90, 99, 101 and 102 are excluded because they are dated after the Final Distribution and therefore are not probative of what Defendants knew or believed at the time of the Final Distribution. Exhibits DX-109, 110, 111, 113 and 114 are excluded because the academic literature, without evidence of Defendants' awareness of it, is not probative of what Defendants knew or believed at the time of the Final Distribution. Exhibit DX-120 shall be redacted to exclude the financial results not known at the time of Defendants' decision to make the Final Distribution.

I.E   Litigation-Related Exhibits -- Defendants have withdrawn Exhibit DX-119, and has in effect withdrawn Exhibits DX-127 through 140 as exhibits to be offered in their case-in-chief.

II.A   Late-Disclosed Exhibits -- Exhibits PX-320 through 385 are not excluded based on timeliness because a merits-based ruling is preferred when there is no showing of prejudice. Exhibits PX-298 through 305 are excluded based on Rule 403 as explained at

the conference.

II.B    Reports Not Considered by Dr. Chatterjee in Making the Final Distribution -- Exhibits PX-112, 187 and 188 are admitted because a reasonable jury could conclude that they played some role in Defendants' buyout decision.  Exhibits PX-117, 172 and 175 are admitted because they are relevant to Plaintiff's good faith argument.

II.C    Evidence of Other Investments and Investors -- Exhibits PX-38, 39 and DX-1 shall be redacted because only Defendants' contractual obligations and communications with Plaintiff are relevant.

II.D    Management Fees -- The parties shall meet and confer to discuss appropriate redactions.  If the parties cannot agree on the redactions, they shall file a joint letter by **July 3, 2023**, explaining their respective positions.

II.E    Evidence from Manbro's Damages Expert -- The parties are precluded from calling their damages experts during the liability phase of trial.

II.F     Manbro's Late Disclosed Deposition Designations -- Plaintiff's deposition designations are not excluded based on timeliness.  The parties shall follow the Court's individual trial rules regarding the submission of deposition designations.

Dated: June 30, 2023
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**