UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MANBRO ENERGY CORPORATION,                                  :
                              Plaintiff,                    :
                                                            :        20 Civ. 3773 (LGS)
                   -v-                                      :
                                                            :        ORDER
CHATTERJEE ADVISORS, LLC, et al.,                           :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the parties discussed revisions to the preliminary jury charge at the final pretrial conference held on June 27, 2023, and the Court excluded certain exhibits from the liability phase of the trial;

WHEREAS, an order dated June 30, 2023 (the "Order"), Dkt. 346, memorialized the exclusion of those exhibits;

WHEREAS, on July 3, 2023, at around midnight, one week before the trial is scheduled to begin on July 11, 2023, Defendants filed a motion for reconsideration of the Court's exclusion of certain defense exhibits and requested additional language in the preliminary jury charge;

WHEREAS, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021).[1] "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*.  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).  Courts "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *see also Suarez v. United States*, No. 17 Civ. 133, 2022 WL 1078436, at *2 (S.D.N.Y Apr. 11, 2022).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Suarez*, 2022 WL 1078436, at *2.

**Defendants' Exhibits Dated After May 2017**

WHEREAS, the Order excluded DX-77, DX-90, DX-99, DX-101 and DX-102, "because they are dated after the Final Distribution and therefore are not probative of what Defendants knew or believed at the time of the Final Distribution."  Dkt. 346 at 2.  The Order also instructed that DX-120 "be redacted to exclude the financial results not known at the time of Defendants' decision to make the Final Distribution." *Id.*

The motion to reconsider the exclusion of these exhibits is denied.  Defendants seek to take a "second bite at the apple," rehashing issues that have been ruled upon.  The motion is further denied for substantially the reasons stated in Plaintiff's response at Dkt. 352.  The principles guiding the Court's relevance determinations for the purpose of admitting exhibits are set forth in the Court's order of today's date concerning Defendant's objections to Plaintiff's exhibits.  Defendants' arguments about when the breach of contract claim accrued is misplaced,

as the issue in this case is whether Defendants acted in good faith when they decided to buy out Manbro's interest in the Fund.

**Defendants' Exhibits Regarding Other Investors' Responses to the Final Distribution**

WHEREAS, the Order excluded DX-59 and DX-60, "for the reasons stated in the Court's motion in limine order ('MIL Order')" -- which excluded evidence "regarding other investors' responses to the Final Distribution." Dkt. 346 at 2 (citing Dkt. 316); Dkt. 316 at 10. The motion to reconsider is granted, and DX-59 and DX-60 are excluded on new grounds, substantially as stated in Plaintiff's response at Dkt. 352. The prior ruling was in error as these exhibits related to other WPPE investors' voluntary abandonments in 2015 and 2016 before the Final Distribution. The exhibits are nevertheless irrelevant because they do not bear on Defendants' good faith in buying out Manbro.

**Defendants' Exhibits Regarding Manbro's Returns on Non-Haldia Investments**

WHEREAS, because they reflected Manbro's returns on non-Haldia investments, the Order excluded DX-15, DX-16 and DX-24 and instructed DX-17, DX-18 and DX-29 to "be redacted to exclude investment returns." Dkt. 346 at 1-2. Defendants now ask that the documents instead be admitted with redactions. The motion to reconsider is denied, as these arguments could and should have been raised previously.

**Preliminary Jury Charge**

WHEREAS, Defendants request the Court amend its preliminary jury charge with respect to the implied covenant of good faith and fair dealing claim. The motion for reconsideration is denied, as these arguments could and should have been raised at the final pretrial conference when the Court heard from the parties concerning their objections and proposed edits to the preliminary charge. This ruling is without prejudice to proposals concerning the final charge.

**CONCLUSION**

It is hereby **ORDERED** that Defendants' motion for reconsideration is denied except as to DX-59 and DX-60, which are excluded on new grounds. Should Defendants wish to raise additional issues, apart from those already contemplated and scheduled, they shall do so in post-trial motions.

Dated: July 5, 2023
      New York, New York

                                                    LORNA G. SCHOFIELD
                                           UNITED STATES DISTRICT JUDGE