```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
MANBRO ENERGY CORPORATION,                                   :
                                    Plaintiff,               :
                                                             :           20 Civ. 3773 (LGS)
            -against-                                        :
                                                             :                  ORDER
CHATTERJEE ADVISORS, LLC, et al.,                            :
                                    Defendants.              :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Court's practice is to preadmit exhibits at the beginning of trial that are admissible -- meaning that there are no objections to admissibility or that objections have been overruled prior to trial.

WHEREAS, on July 3, 2023, the parties filed revised exhibit lists and a joint letter regarding categories of Defendants' objections to Plaintiff's exhibit list ("Second Letter"), Dkt. 349. All references to rules mean the Federal Rules of Evidence. It is hereby

ORDERED that:

Plaintiff, on notice to Defendants, shall apply the following principles and rulings on sample Plaintiff's exhibits to prepare the list of exhibits to be admitted at the beginning of trial, and omit those that are inadmissible. Defendants shall do the same on notice to Plaintiff. For any exhibit that is not preadmitted and not excluded by an in limine ruling (i.e., below or in prior rulings), the parties may seek to lay the necessary foundation for admissibility at trial. For clarity, the following principles apply equally to Plaintiff's and Defendants' proposed exhibits.

A.  **Exhibits that Post-Date May 17, 2017**

Defendants object to Plaintiff's exhibits that post-date May 17, 2017, the date Defendants sent notice to their investors of the Final Distribution, and by which Defendants had decided to

make the Final Distribution (the "Decision").  These objections are construed as relevance objections under Rules 401 and 402.  These objections are for the most part overruled as the Court made no prior finding that all documents after May 17, 2017, are excluded as irrelevant.  Defendants do not appear to have made a good faith effort to construe the Court's prior rulings.  The principal question governing admissibility in the liability phase is whether evidence is probative of Defendants' intent in making the Decision.  Defendants' objections are overruled in part and sustained in part.

Plaintiff offers four categories of relevant documents, three of which the Court accepts: (1) information about the value of the shares or Haldia investment of which Defendants were aware on or before May 17, 2017; (2) documents that bear on Defendants' alleged bad faith and (3) Defendants' communications about the Final Distribution.

Plaintiff's fourth proposed category of documents is excluded under Rule 403 -- documents that "tend to confirm Defendants' expectations," i.e., documents regarding the post-Decision value of Haldia, or its performance after the Decision.  Although these documents may have some relevance, their probative value is outweighed by the risk of prejudice and juror confusion because the issue in the liability phase is Defendants' belief about the value and expected performance of Haldia at the time of the Decision, and evidence about Haldia's post-decision performance or value is likely to confuse the jury and prejudice Defendants.

With regard to exhibits expressly discussed in the parties' Second Letter as well as additional examples:

- PX-326 to -330, the 2019 Haldia video and related documents, will not be pre-admitted as they pertain to Haldia in 2019, without evidence that what is depicted was substantially the same in 2017;

- PX-112, PX-356 and PX-282 (see also, e.g., PX-331) pertaining to the Grant Thornton valuation were previously determined to be admissible prior to trial per the Court's prior ruling.  That ruling is REVERSED as it appears on closer examination that the "[a]ssignment has not even started" as of May 16, 2017 (PX-162).  Only those documents, if any, pertaining to the Grant Thornton valuation that are relevant under the principles outlined above will be admitted;
- PX-60 and -61 are excluded.  Regarding PX-60, which is excluded, and Plaintiff's second argument (Dkt. 349 at 5), Plaintiff may inquire as to Defendants' statement of mind about the purported inability to sell Haldia shares until 2029 through witness examination;
- PX-52, the objection was withdrawn;
- PX-238, regarding the creation of the Bose Report, is admitted;
- PX-75 is admitted as relevant because it references Haldia's circumstances prior to the August 25, 2017, board meeting, as Plaintiff states in Dkt. 349 at 8;
- PX-374 to -376, certain Schoar report figures, may be used in the liability phase to the extent they are relevant to the Decision.

**B.     Exhibits with No Foundation and No Trial Witness with Percipient Knowledge**

Defendants object to thirty-seven documents on the ground that they have no foundation or lack a witness with personal knowledge of the document.  Defendants incorrectly rely on Rule 602 for this objection, which pertains to testimony.  Defendants' objection in substance is that the exhibit lacks the proper foundation to be admissible -- i.e., that Plaintiff has not established (1) authenticity (Rule 901), that the document is what it purports to be or (2) an exception to the hearsay rule -- for example, the business records exception (Rule 803(6)) -- or some other

required foundation. Of course, some hearsay exceptions (including exclusions from the definition of hearsay) do not require any foundation outside the document, for example statements of a party-opponent (Rule 801(d)(2)), or market reports and commercial publications (Rule 803(17)), or statements offered to show the declarant's state of mind (Rule 803(3)). As Defendants suggest, this statement of mind exception to the hearsay rule is limited to the declarant's state of mind.

Defendants do not object to the authenticity of the vast majority of these exhibits; only PX-25 and PX-326 to -330 (excluded supra without a further showing of relevance) have authenticity objections. For all thirty-seven of these exhibits, Defendants do make a hearsay objection. Defendants represent that they are documents "(i) on which no trial witness is included, (ii) about which there is no deposition testimony from any non-trial witnesses, and (iii) on which no trial witness has knowledge." It is unclear whether this statement is correct, as many such exhibits were marked as deposition exhibits.

If the necessary foundation has been established, then the document will be admitted at the beginning of trial. To the extent the necessary foundation has not yet been established, then the party offering it may lay the foundation at trial (1) through document custodians or witnesses currently on the witness lists; (2) or for business records, through the submission, as soon as possible, of a certification pursuant to Rule 902(11).

Once a document is in evidence, trial counsel may use it during any phase of the trial -- to question any witness, or to publish to the jury independent of jury questioning. All documents in evidence will be sent to the jury room for jury deliberations and are considered in evaluating the sufficiency of evidence. A party need not elicit testimony about a document in evidence. Contrary to Defendants' assumption, there is no need to question Dr. Chatterjee or any other

witness about an exhibit about which he knows nothing simply as a means to present it to the jury.

Applying these rules to the examples provided:

- PX-208, PX-215 and PX-217 are excluded as hearsay.  They are in effect communications between Haldia and two banks that Plaintiff purports to offer "for the non-hearsay purpose of showing Defendants knew how to obtain a waiver . . . ."  PX-208 is an out-of-court statement by a representative of Haldia making the affirmative statement that "it was requested . . . that the condition of pledge of shares . . . may kindly be relaxed . . . ."  This third-party statement is being offered for the truth and is inadmissible on the basis suggested.  PX-215 similarly is an out-of-court statement by the State Bank of India, stating in substance that, at the request of Haldia and "the promoters," the pledge of Haldia shares was relaxed to enable the acquiring of the shares by Essex.  This statement, similarly, is offered for the truth and is inadmissible.  Similar analysis applies to PX-217.

- PX-210 is admissible under Rule 801(d)(2).  While it makes similar statements as PX-208, PX-215 and PX-217, it is a letter signed by Defendant Purnendu Chatterjee as to which there is no authenticity objection.  The document also contains a request, which is not a statement of fact or assertion.

- PX-25, a May 2017 Haldia summary of rated instruments by ICRA, which is a rating agency that rates corporate debt instruments, is not excluded pursuant to the hearsay rule, under Rule 803(17).  However, Defendants also object on the basis of authenticity.  To be admissible, the document needs to be authenticated.

### C. Litigation-Related Exhibits

Litigation-related exhibits are excluded for substantially the reasons stated by Defendants in the Second Letter at 8-9, under Rule 403.  Any probative value is outweighed by the risk of jury confusion and prejudice, about the litigation process and injecting trial counsel (through their documents and communications) into the facts of the case.  Excluded documents include DX-108, and its response PX-286, as well as any other defense exhibits of the same type.

- The following are excluded: PX-110, PX-286, PX-290 to -93 and PX-305.  Related testimony and argument regarding litigation matters are similarly excluded.

- However, PX-110, which is relevant to the Bose Report, is admitted in redacted form as its probative value outweighs any risk of confusion and prejudice if presented with redactions.  The relevance objection is overruled as the document is relevant to the Bose Report, and the hearsay objection is overruled as the document is essentially a request.  The following factual assertions must be redacted as improper hearsay: (1) the second paragraph, except the first sentence, (2) the third paragraph and (3) the last part of the fourth paragraph, with the sentence beginning "As I'm sure . . ." to the end.

### D. Management Fees

Defendants make a third effort to introduce evidence of Defendants' waiver of management fees, which was excluded pursuant to Rule 403.  As previously ruled, if Plaintiff opens the door to this issue, then Defendants may move at that point to introduce the evidence.

**CONCLUSION**

For the foregoing reasons, Defendants' objections to Plaintiff's proposed trial exhibits are SUSTAINED in part, OVERRULED in part and RESERVED in part. The Clerk of Court is respectfully requested to enter the preceding sentence as the disposition on the docket.

Dated: July 5, 2023
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**