# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

| AMERICAS | ASIA | EUROPE & MIDDLE EAST | |
|---|---|---|---|
| NEW YORK | BEIJING | ABU DHABI | LONDON |
| SAN FRANCISCO | HONG KONG | BRUSSELS | MILAN |
| SÃO PAULO | SEOUL | COLOGNE | PARIS |
| SILICON VALLEY | | FRANKFURT | ROME |
| WASHINGTON, D.C. | | | |

CRAIG B. BROD
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
DAVID H. BOTTER
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
ALAN M. LEVINE
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
DEBORAH NORTH
MATTHEW P. SALERNO
MICHAEL J. ALBANO

VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS

LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
HELENA K. GRANNIS
SUSANNA E. PARKER
THOMAS S. KESSLER
RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
JOHN V. HARRISON
MATTHEW BRIGHAM
EMILIO MINVIELLE
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
BRIAN J. MORRIS
CARINA S. WALLANCE
ALEXANDER JANGHORBANI
RESIDENT COUNSEL

D: +1 212 225-2609
vhou@cgsh.com

July 16, 2023

<u>VIA ECF</u>
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Manbro Energy Corp. v. Chatterjee Advisors, LLC, et al.*, No. 20-cv-3773 (LGS)

Dear Judge Schofield:

      On behalf of Plaintiff Manbro Energy Corporation ("Plaintiff" or "Manbro"), we write to bring to the Court's attention, out of an abundance of caution, certain exhibits that Plaintiff intends to introduce during its cross-examination of Dr. Chatterjee on July 17, 2023.

      In particular, Plaintiff seeks to admit into evidence and publish to the jury the following foreign judicial records in the case of *Mrs. Soma Das and another vs. Sri Ajit Kr. Das*, C.C. No. 639/2015 (2019) (India), copies of which are attached to this letter:

- a December 21, 2018 Final Order / Judgment from the District Consumer Disputes Redressal Forum in Kolkata, India (the "Consumer Forum"), *see* PX-612;
- a January 11, 2019 Order from the Consumer Forum, *see* PX-610 (the "January 11, 2019 Order");
- a February 7, 2019 Final Order / Judgment from the State Consumer Disputes Redressal Commission in West Bengal, India, *see* PX-611;
- a January 3, 2023 Final Order / Judgment from the Consumer Forum, *see* PX-615; and
- two additional exhibits that are referred to in the January 11, 2019 Order, *see* PX-613; PX-614.

The Honorable Lorna G. Schofield, p. 2

By way of background, Defendants introduced deposition testimony from Mr. Sandeep Soni regarding the purported credentials, professionalism, and integrity of Mr. Dipankar Basu of Bose Consultant, the valuer Defendants hired to sign the ghost-written Bose Report. *See, e.g.*, Soni Tr. 77:1-78:21 (discussing banks and courts for which Mr. Basu is an "approved valuer"); *id.* at 80:7-10 ("Q. [H]ave you reached any opinions about Mr. Basu's work product and professionalism? A. In my experience, I found him professional."); *id.* at 81:21-25 ("Q. Have you ever known Mr. Basu to change his valuation based on any disagreement with the client such as TCG Real Estate? A. No, unless there is a factual error in the data."); *id.* at 83:8-15 ("Q. What is Mr. Basu's reputation for integrity and professionalism as a valuator in Kolkata? […] A. He's a local, city-based valuer, and in my experience, he's a good one."). Dr. Chatterjee then provided similar testimony when questioned about the due diligence he and his team conducted regarding Mr. Basu. *See* July 13, 2013 Trial Tr. 364:7-12 (Q. Do you know if your team did any due diligence at all about whether or not Mr. Basu was qualified to give a valuation report, even though he's a real estate valuer, of a petrochemical plant like Haldia? A. Since the Indian banks accept him and it was prepared for some Indian banks — […] — it must be acceptable to them."). More generally, Defendants have denied that they ghost-wrote and backdated the Bose Report despite overwhelming documentary evidence showing they did, principally on the grounds that Mr. Basu purportedly is an independent valuation expert of high integrity and professionalism who has been approved by several banks and courts in India, and thus (the implication is) is not the type of person who would sign a ghost-written and backdated report.[1]

However, as the foreign judgments Plaintiff seeks to admit into evidence show, in at least one other instance **Mr. Basu signed a report he copied nearly word for word from someone else and passed it off as his own report**—in a matter pending before one of the very forums in which he is an approved valuer. Specifically, the January 11, 2019 Order recites the following facts:

In 2012, the Complainants purchased a 700-square foot flat from the Opposing Parties, who "delay[ed] in delivery of possession of the flat" to the Complainants and caused damage to the flat, by among other things, "storing a few number of cement bags, iron rods, GI Pipes and other materials for construction" on the premises. PX-610, January 11, 2019 Order, at 5. In 2017, the Consumer Forum appointed an Engineer Commissioner named Mr. Surajit Mitra to inspect the property at issue in the dispute pending before the Consumer Forum and issue his opinion regarding the property. *See id.* at 6-8. After issuing his opinion, one of the parties to the dispute objected to Mr. Mitra and sought a new Engineer Commissioner. *Id.* at 8. Mr. Dipankar Basu was then appointed to conduct an investigation and provide an "impartial report." *Id.* However, rather than conduct his own investigation and issue an independent report, Mr. Basu appears to have copied the previous Engineer Commissioner's report, changed the date, and put it on Bose Consultant letterhead. *Compare* PX-613 (Mr. Mitra's report) *with* PX-614 (Mr. Basu's report). The Consumer Forum found that:

> [U]nder this situation impartial report from the subsequent Engineer Commissioner [Mr. Basu] is absurd. ***We have tallied the two reports and in our opinion there is no variation including coma, full stop and the two***

---

[1] There is no question that counsel for Defendants have been in contact with Mr. Basu, at Bose Consultant, since at least 2021—years prior to Defendants' decision to designate the deposition testimony of Mr. Darolia and Mr. Soni for trial, as they did. *See* Aronowitz Dep. Tr. 274:16-22 (noting that Defendants' law firm interviewed Mr. Basu).

The Honorable Lorna G. Schofield, p. 3

> ***are mostly verbatim reproductions for which the two reports have arrived at the same conclusion***.

PX-610 at 8 (emphasis added).[2]

There is no question that the "Mr. Basu" discussed in the January 11, 2019 Order is the same person who signed the Bose Report in this case. The report discussed in the January 11, 2019 Order is on the *same letterhead* as the Bose Report in this case. *Compare* PX 117 (Bose Report) *with* PX-614 (report by Bose Consultant referenced in the January 11, 2019 Order). And a comparison of the report signed by Mr. Basu in the *Das* case and the earlier report by Mr. Mitra (PX-613) confirms that they are virtually verbatim except for the letterhead and signature, just like Mr. Darolia's "note" (PX-169) and the final Bose Report in this case (PX-117). For example, both reports contain the following observations concerning the flat at issue (including the same punctuation and typos):

- (ii)  Minor hair crack observe in doors shutter & framed which required to be replace / rectified.

- (iii)  Sliding two / three parts aluminum windows framed may be fixed as against fixed windows aluminum framed.

- (vii)  No, hand rest fixed at staircase slope which may be fixed immediately.

Foreign judgments are admissible pursuant to Federal Rule of Evidence 201. *See A.I. Trade Fin., Inc. v. Centro Internationale Handelsbank AG*, 926 F. Supp. 378, 387 (S.D.N.Y. 1996) ("The Second Circuit has noted that Rule 201 permits a court to take judicial notice of a foreign judgment . . . [A] foreign judgment that shows no sign of being unreliable should be admitted. Once a foreign judgment is admitted, it is treated as prima facie evidence of the facts and opinions contained therein, and the opposing party is free to rebut these facts and opinions with evidence of its own.") (internal citations omitted). The foreign judgments that Plaintiff seeks to introduce into evidence were obtained from ConfoNet (Computerization and Computer Networking of Consumer Commissions in Country), an initiative of the Department of Consumer Affairs of the Government of India, and that is developed and maintained by the National Informatics Centre, part of the Ministry of Electronics and Information Technology of India. *See* https://cms.nic.in/.[3]

---

[2] For completeness of the record, Plaintiff has also attached to this filing a February 7, 2019 Final Order / Judgment from the State Consumer Disputes Redressal Commission, an appellate body that remanded the case on the grounds that it was the Consumer Forum's responsibility to prevent Mr. Basu from receiving Mr. Mitra's earlier report. *See* PX-611 at 6. This case was never resumed in the Consumer Forum, as the parties settled the dispute out of court. *See* PX-615.

[3] The reports of Mr. Basu and Mr. Mitra are incorporated by reference into the January 11, 2019 Order and are thus admissible on the same basis. Alternatively, the reports are admissible because they are not being offered for their truth (i.e., not whether or not the hair crack observed in the door shutters was "minor" and needed to be replaced or whether the sliding window frame needed to be "fixed" or whether the hand rest fixed at the staircase slope needed to be fixed "immediately"), but only for their similarly in form and content (again, regardless of whether any of the observations were true or not).

The Honorable Lorna G. Schofield, p. 4

Finally, this evidence is clearly probative, as it directly rebuts the evidence Defendants have introduced concerning Mr. Basu's reputation and integrity as a valuer who is accredited by banks and the courts. It also is probative to the extent it supports an inference that Defendants selected Mr. Basu to sign the Bose Report *because* he is the type of valuer who would sign a report written by someone else, contrary to their testimony that they selected Mr. Basu because he was "an approved valuer by six different banks" and "with the Calcutta High Court." Soni Tr. 77:21-78:21.

Given the nature of this evidence, Plaintiff brings the exhibits, marked for identification and attached hereto as Exhibits A through F, to the Court's attention now, to allow the Court additional time to consider it. Plaintiff intends to seek admission of this evidence tomorrow during the cross-examination of Dr. Chatterjee.

We thank the Court for its consideration of this request.

Respectfully Submitted,

/s/ *Victor L. Hou*

Victor L. Hou

cc:    All Counsel of Record (via ECF)